SHIVERS, Judge.
Brown appeals his convictions and sentences for burglary of a dwelling and grand theft. Appellant argues that a jury instruction given by the trial court amounted to a comment on the weight of the evidence and was, therefore, error. We disagree and affirm.
Brown was accused of burglarizing a mobile home on December 9,1979. Investigator Stoel, a Levy County deputy sheriff, testified that he discussed the burglary with appellant on January 7, 1980. Stoel testified that, after he advised appellant of his rights, appellant confessed that he and Gerald Green were driving around on December 9, 1979, and decided to burglarize the mobile home. Green went in first and appellant followed. They took several items from the trailer. Appellant described to Stoel with particularity where each stolen item had been located in the trailer. Appellant also stated that the stereo speakers found in a green Vega at the time of appellant’s arrest came from the mobile home. Stoel subsequently verified the ownership of the speakers by their serial numbers. On cross-examination, Stoel testified that the speakers were recovered in Gerald Green’s car. Stoel had not tape recorded appellant’s confession, nor did he have appellant write out the confession, although Stoel did take notes during the statement. Stoel further testified that he never talked to Gerald Green about the burglary. Stoel denied that appellant told him that Gerald Green committed the burglary rather than appellant.
The State objected to the questions concerning Gerald Green and moved to strike the testimony about Green. The trial court sustained the objection, granted the motion, and instructed the jury to disregard any questions or responses about whether Gerald Green had been charged with matters relating to this alleged crime. Two other officers testified concerning appellant’s confession and basically corroborated’ Stoel’s testimony.
During closing argument, defense counsel asked rhetorically, “Where is Gerald Green?” The State objected and asked for an instruction. The trial court instructed the jury:
[WJhether or not another individual has been arrested or in custody or tried or not tried has absolutely nothing to do with any issue that you are to consider in this case. I instruct you to disregard any inference or comment that’s made that suggests that the guilt or innocence of this defendant depends upon whether *265 or not anyone else has or has not been charged or arrested.
After the jury retired to deliberate, it returned to request the trial court to repeat the instructions given during the trial about weighing the evidence concerning Gerald Green. The trial court instructed the jury:
The first question asked was for the court to repeat the instructions given during the course of the trial regarding the fact that one person named Green had his name mentioned during these proceedings.
The court instructed you then that the fact that some other person or persons may or may not be also involved or guilty or have been charged or not charged is of no moment or no concern in these proceedings. It has nothing whatsoever to do with the guilt or innocence of this defendant.
Defense counsel objected to the giving of this instruction, arguing that the court had told the jury to disregard Gerald Green. Defense counsel argued that the testimony concerning Green was an evidentiary matter going to appellant’s defense. Appellant was found guilty on both counts, and this appeal followed.
Appellant argues that the trial court’s instruction prevented the jury from considering appellant’s theory of the case. The defense theory was that if the investigators failed to investigate Gerald Green, their testimony about the alleged oral confession was not worthy of belief. We do not think, however, that the instructions of the trial court prevented the jury from considering the officers’ lack of investigation for whatever probative value that fact may have relative to the investigators’ credibility.
AFFIRMED.
MILLS, J., concurs.
ZEHMER, J., dissents, without written opinion.